**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: **EVELYN GLORIA MACK,**<br>Debtor | : | **5:26-bk-00586-MJC**<br>Chapter 13 |
| **A POCONO COUNTRY PLACE PROPERTY OWNERS ASSOCIATION,**<br>Movant | : | |
| vs. | : | |
| **EVELYN GLORIA MACK,**<br>Respondent | : | |

**AMENDED MOTION TO DISMISS CASE BY CREDITOR A POCONO COUNTRY PLACE PROPERTY OWNERS ASSOCIATION**

Now comes Creditor A Pocono Country Place Property Owners Association (the "Association") and hereby moves this Honorable Court for dismissal of the above-captioned Chapter 13 bankruptcy case in accordance with § 1307(c) due to Debtor's failure to file a confirmable Plan and for unreasonable delay by the Debtor that is prejudicial to creditors, and in support thereof avers:

1. Debtor has acted in bad faith with her filings in this case.

2. As explained on Exhibit A to the Association's Proof of Claim, the Association filed a collection action in the Court of Common Pleas for Monroe County, Pennsylvania, against Debtor on June 28, 2024, at 4317 CV 2024 (the "Collection Lawsuit").

3. A trial was scheduled to take place in the Collection Lawsuit on March 5, 2026.

4. Debtor filed her bankruptcy petition in this case on March 4, 2026, which was literally the eve of trial in the Collection Lawsuit.

5. On March 10, 2026, the Association filed a Proof of Claim with Exhibits.

6. On March 26, 2026, the Association filed an Amended Proof of Claim with Exhibits.

7. The Association's Proof of Claim and Amended Proof of Claim, with their Exhibits, show that the Association has a security interest in the amount of $24,746.79 plus interest in Debtor's real property located at Lot 324, Section J (the "Property") in the A Pocono Country Place planned community, Coolbaugh Township, Monroe County, PA. The Property is also known as 9086 Idlewild Drive, Tobyhanna, PA.

8. The Association's secured interest was created pursuant to the Pennsylvania Uniform Planned Community Act (UPCA) which provides as follows:

> **§ 5315. Lien for assessments.**
> **(a) General rule**. — The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in a like manner as a mortgage on real estate. A judicial or other sale of the unit in execution of a common element lien or any other lien shall not affect the lien of a mortgage on the unit, except the mortgage for which the sale is being held, if the mortgage is prior to all other liens upon the same property except those liens identified in 42 Pa.C.S. § 8152(a) (relating to judicial sale as affecting lien of mortgage) and liens for planned community assessments created under this section. Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged under section 5302(a)(10), (11) and (12) (relating to power of unit owners' association) and reasonable costs and expenses of the association, including legal fees, incurred in connection with collection of any sums due to the association by the unit owner or enforcement of the provisions of the declaration, bylaws, rules or regulations against the unit owner are enforceable as assessments under this section. If an assessment is payable in installments and one or more installments are not paid when due, the entire outstanding balance of the assessment becomes effective as a lien from the due date of the delinquent installment.

68 Pa.C.S.A. § 5315

9. The Association's Proof of Claim and Amended Proof of Claim, with their Exhibits, show that the Association has also asserted a substantial unsecured claim.

10. The Property is Debtor's primary residence.

11. On April 5, 2026, Debtor filed her original Chapter 13 Plan (the "Original Plan").

12. The Original Plan did not seek to pay the full amount of the Association's secured claim but, instead, only sought to pay $14,548.18. Debtor appears to have purposefully omitted the Association's legal fees and costs related to the Collection Lawsuit even though Section 5315 of the UPCA expressly states that "reasonable costs and expenses of the association, including legal fees, incurred in connection with collection of any sums due to the association by the unit owner... are enforceable as assessments under this section" and included in the Association's statutory lien. 68 Pa.C.S.A. §5315.

13. The Original Plan incorrectly treated the Association's secured claim under Section 2D ("Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable). It should properly be included in Section 2C ("Arrears (Including, but not limited to, claims secured by Debtor's principal residence)").

14. Debtor's Schedules A/B claim that 9086 Idlewild Drive, Tobyhanna, PA has a current value of only $103,752.00.

15. Upon information and belief, Debtor greatly undervalued the property as its true fair market value, at the time this bankruptcy case was filed, was at least $217,500.00.

16. The Original Plan also fails to address the Association's unsecured claim and the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.

17. Based upon these defects, the Association filed an Objection to the Original Plan on May 20, 2026.

18. A Confirmation Hearing was scheduled to take place on June 11, 2026, regarding the Original Plan.

19. On June 9, 2026, Debtor filed an Amended Chapter 13 Plan causing the Confirmation Hearing to be canceled.

20. The Amended Chapter 13 Plan did nothing to address the Association's Objection.

21. The Amended Chapter 13 Plan did nothing to cure the defects raised by the Association and again incorrectly (a) treated the Association's secured claim under Section 2D, (b) only proposed to pay the Association $14,548.18 instead of its full secured claim and (c) failed to address the Association's unsecured claim.

22. On June 10, 2026, the Association filed an Objection to the Amended Chapter 13 Plan, which basically mirrored its Objection to the Original Plan.

23. A confirmation hearing was scheduled to take place on August 6, 2026, regarding the Amended Chapter 13 Plan.

24. On August 6, 2026, at 12:11 AM, Debtor filed a Second Amended Chapter 13 Plan causing the Confirmation Hearing to be canceled.

25. The Second Amended Chapter 13 Plan did nothing to address the Association's Objection.

26. The Second Amended Chapter 13 Plan, like the Amended Chapter 13 Plan, did nothing to cure the defects raised by the Association and again incorrectly (a) treated the Association's secured claim under Section 2D, (b) only proposed to pay the Association $14,548.18 instead of its full secured claim and (c) failed to address the Association's unsecured claim.

27. On August 5, 2026, the Association filed an Objection to the Second Amended Chapter 13 Plan, which basically mirrored its Objection to the Original Plan and its Objection to the Amended Plan.

28. A confirmation hearing was scheduled to take place on September 17, 2026, regarding the Second Amended Chapter 13 Plan.

29. On September 16, 2026, 5:01 PM, Debtor filed a Third Amended Chapter 13 Plan causing the Confirmation Hearing to be canceled.

30. The Third Amended Chapter 13 Plan did nothing to address the Association's Objection.

31. The Third Amended Chapter 13 Plan, like the Second Amended Chapter 13 Plan and the Amended Chapter 13 Plan, did nothing to cure the defects raised by the Association and again incorrectly (a) treated the Association's secured claim under Section 2D, (b) only proposed to pay the Association $14,548.18 instead of its full secured claim and (c) failed to address the Association's unsecured claim.

32. Section 1307(c) of the Bankruptcy Code governs involuntary dismissal of Chapter 13 cases and provides:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter [11 USCS §§ 1301 et seq.] to a case under chapter 7 of this title [11 USCS §§ 701 et seq.], or may dismiss a case under this chapter [11 USCS §§ 1301 et seq.], whichever is in the best interests of creditors and the estate, *for cause*, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;

11 USCS § 1307(c)(1) (emphasis added).

33. Section 1307(c)(5) provides for dismissal for cause due to "denial of confirmation of a plan under section 1325 of this title [11 USCS § 1325] and denial of a

request made for additional time for filing another plan or a modification of a plan". 11 USCS § 1307(c)(5).

34. Debtor has purposely delayed the confirmation process and avoided denial of her plans by filing amended plans on the eve and morning of confirmation hearings.

35. It is clear that Debtor acted in bad faith in filing her bankruptcy on the eve of trial in the Collection Lawsuit and has continued to act in bad faith and solely for delay by filing serial amended plans that wholly ignore the Association's objection.

36. The Association is prejudiced by the delay.

37. Accordingly, the Association respectfully requests that this Honorable Court dismiss this case for cause in accordance with § 1307(c).

WHEREFORE, A Pocono Country Place Property Owners Association respectfully requests that this Honorable Court dismiss this case in accordance with § 1307(c) and grant any further relief this Honorable Court deems just and proper.

YOUNG & HAROS, LLC

/s/ NICHOLAS CHARLES HAROS, ESQ
NICHOLAS CHARLES HAROS, ESQ.
Attorney I.D. No. 76195
802 Main St.
Stroudsburg PA 18360-1602
(570) 424-9800
nharos@eastpennlaw.com

Attorneys for A Pocono Country Place Property Owners Association

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: **EVELYN GLORIA MACK,** | : | **5:26-bk-00586-MJC** |
| Debtor | : | Chapter 13 |
| | : | |
| **A POCONO COUNTRY PLACE** | : | |
| **PROPERTY OWNERS ASSOCIATION,** | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| **EVELYN GLORIA MACK,** | : | |
| Respondent | : | |

**NOTICE OF AMENDED MOTION TO DISMISS**

On September 25, 2026, A Pocono Country Place Property Owners Association filed papers with the court seeking dismissal of your bankruptcy case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to dismiss your case, or if you want the court to consider your views on the Motion, then on or before October 16, 2026, you or your attorney must file with the court an answer/objection, explaining your position, at: Clerk of Bankruptcy Court, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, PA 18701.

If you mail your answer/objection to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also send a copy to Nicholas Charles Haros, Esq., Young & Haros, LLC, 802 Main St., Stroudsburg PA 18360-1602.

A hearing has been scheduled for October 29, 2026, at 10:00 a.m. at Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, PA 18701, and will be held regardless of any objections or responses having been filed.


YOUNG & HAROS, LLC
/s/ NICHOLAS CHARLES HAROS, ESQ
NICHOLAS CHARLES HAROS, ESQ.
Attorney I.D. No. 76195
802 Main St.
Stroudsburg PA 18360-1602
(570) 424-9800
nharos@eastpennlaw.com
Attorneys for A Pocono Country Place Property Owners Association

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: **EVELYN GLORIA MACK,** | : | **5:26-bk-00586-MJC** |
| Debtor | : | Chapter 13 |
| | : | |
| **A POCONO COUNTRY PLACE** | : | |
| **PROPERTY OWNERS ASSOCIATION,** | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| **EVELYN GLORIA MACK,** | : | |
| Respondent | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I electronically filed the foregoing Amended Motion to Dismiss with the Clerk of the Court and served said Motion upon all counsel of record via the Court's electronic filing system:

William E. Craig on behalf of Creditor Santander Bank, N.A., as servicer for Santander Consumer USA Inc.
wcraig@egalawfirm.com, mortoncraigecf@gmail.com

Sean P. Mays on behalf of Debtor 1 Evelyn Gloria Mack
sean@maysfirm.com

United States Trustee
ustpregion03.ha.ecf@usdoj.gov

Andrew L Unterlack on behalf of Creditor NewRez LLC as servicer for U.S. Bank Trust Company, National Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2024-RPL2
aunterlack@hillwallack.com

Jack N Zaharopoulos
ecf@pamd13trustee.com

And served by first class mail as follows:

Evelyn Gloria Mack
9086 Idlewild Dr.
Tobyhanna, PA 18466

1st Digital/Synovus/Vt
PO BOX 85650
SIOUX FALLS, SD 57118

Atlas Acquisitions LLC
on behalf of Independence Capital Recove
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

Ava Financial Inc
30211 AVENIDA DE LAS BAN
RANCHO SANTA MARGARITA, CA 92688

Caine Weiner
PO BOX 55848
SHERMAN OAKS, CA 91413

Caliber Home Loans, in
1301 WIRELESS WAY
OKLAHOMA CITY, OK 73134

Chime/Stride Bank Na
101 CALIFORNIA ST STE 50
SAN FRANCISCO, CA 94111

Comenitycapital/Carter
PO BOX 182120
COLUMBUS, OH 43218

Duvera Billing Servi
3220 EXECUTIVE RIDGE
VISTA, CA 92081

Exeter Finance Llc
PO BOX 166097
IRVING, TX 75016

First Premier
3820 N LOUISE AVE
SIOUX FALLS, SD 57107

First Premier Bank
601 S MINNESOTA AVE
SIOUX FALLS, SD 57104

LVNV Funding LLC c/o
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090

Ne Pa Community Fcu
934 N 9TH ST
STROUDSBURG, PA 183601208

Pinnacle Bank Fka Sy
PO BOX 9053
JOHNSON CITY, TN 37615

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA 98083-0788

Santander Bank, N.A
PO BOX 961211
FORT WORTH, TX 76161

Santander Consumer USA Inc.
P.O. Box 560284
Dallas, TX 75356

Shellpoint Mortgage
601 OFFICE CENTER DR STE
FORT WASHINGTON, PA 19034

Synovus Bank
2700 S Lorraine Place
Sioux Falls, SD 57106

Td Bank Usa/Targetcred
PO BOX 673
MINNEAPOLIS, MN 55440

Telecom Selfreported
PO BOX 4500
ALLEN, TX 75013

Triborough Bridge and Tunnel Authority
2 Broadway, 24th Floor
New York, NY 10004

U.S. Bank Trust Company, National Association, not
c/o NewRez LLC
P.O. Box 10826
Greenville, SC 29603-0826

YOUNG & HAROS, LLC

/s/ NICHOLAS CHARLES HAROS, ESQ____
NICHOLAS CHARLES HAROS, ESQ.
Attorney I.D. No. 76195
802 Main St.
Stroudsburg PA 18360-1602
(570) 424-9800

Attorneys for A Pocono Country Place Property Owners Association

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **EVELYN GLORIA MACK,**<br>Debtor | : | **5:26-bk-00586-MJC**<br>Chapter 13 |
| **A POCONO COUNTRY PLACE PROPERTY OWNERS ASSOCIATION,**<br>Movant | : | |
| vs. | : | |
| **EVELYN GLORIA MACK,**<br>Respondent | : | |

**ORDER DISMISSING CASE**

AND NOW, upon the Motion to Dismiss of A Pocono Country Place Property Owners Association, and after the opportunity for hearing and considering of all evidence, arguments and briefs of Counsel, it is ORDERED and DECREED that the above-captioned bankruptcy be and hereby is DISMISSED.

BY THE COURT:

____________________________________
UNITED STATES BANKRUPTCY JUDGE